# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WESLEY BOOR, | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Action No. RDB-25-1738 |
| AMERICAN WOODMARK CORPORATION, | * | |
| | * | |
| *Defendant.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM OPINION</u>

For a second time, Plaintiff Wesley Boor has filed suit in this Court against his former employer, Defendant American Woodmark Corporation.[1] *See generally* (ECF No. 1). He claims that on December 20, 2023, while at work as an Assembly Plant Supervisor for his former employer, he suffered a medical episode related to his hyperthyroidism, type-2 diabetes, and attendant conditions of polyneuropathy and hyperglycemia. (ECF No. 1 ¶¶ 1, 2, 7–8.) Boor claims that American Woodmark did not render medical aid but instead made him take a drug test based on its "reasonable suspicion." (*Id.* ¶¶ 10–11.) Boor underwent a drug test that same day. (*Id.* ¶ 11.) The test returned a positive result for tetrahydrocannabinol ("THC").[2] (*Id.* ¶ 13.) American Woodmark subsequently terminated Boor because of the positive drug test

---

[1] As set forth, *infra*, at 4. *See Boor v. Am. Woodmark Corp.*, No. RDB-24-2005, 2025 WL 948293, at \*1 (D. Md. Mar. 28, 2025). This Court previously granted a motion to dismiss but did so without prejudice. *Id.*

[2] THC is the primary psychoactive compound in cannabis. *See* Terence Ng et al., *Tetrahydrocannabinol (THC)*, National Library of Medicine, https://www.ncbi.nlm.nih.gov/books/NBK563174/ (last visited Feb. 17, 2026).

result. (*Id.* ¶ 14.) Boor does not contest the positive result for THC. (*Id.* ¶ 13.) Instead, in his four-count Complaint filed on June 2, 2025, he alleges that his termination violated the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12117, in that it was disability discrimination (Count One) (*id.* ¶¶ 26–31); retaliation (Count Two) (*id.* ¶¶ 32–34); and failure to accommodate (Count Three) (*id.* ¶¶ 35–37). Additionally—and unrelated to the December 20, 2023, diabetic episode and positive drug test—Boor brings a claim under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219, alleging that American Woodmark denied him a pay raise after a September 2021 promotion and at various times from March 2023 to December 2023 docked his pay without explanation (Count Four). (*Id.* ¶¶ 38–42.)

Now pending is American Woodmark's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7.) This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as Boor's four-count Complaint arises under federal law. *See Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). The Court has reviewed the parties' submissions; no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, American Woodmark's Motion to Dismiss (ECF No. 7) is GRANTED. Boor's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

## BACKGROUND

### I.     Factual History

At the motion-to-dismiss stage, the Court accepts all well-pleaded facts in the complaint as true and draws all reasonable inferences in the light most favorable to the plaintiff. *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Unless otherwise noted,

all facts herein come from the Complaint (ECF No. 1) and are taken as true solely for the purposes of deciding this Motion (ECF No. 7).

Plaintiff Wesley Boor, a Maryland resident, was employed by Defendant American Woodmark Corporation as an Assembly Plant Supervisor at its Cumberland, Maryland plant from July 2018 through December 2023. (*Id.* ¶ 1.) American Woodmark is a cabinet manufacturer[3] incorporated and with its principal place of business in Virginia. (*Id.* ¶ 2.) Boor alleges that he has been diagnosed with hyperthyroidism and type-2 diabetes with attendant complications of polyneuropathy and hyperglycemia. (*Id.* ¶ 7.) He alleges that he is a qualified individual with a disability under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12117. (*Id.*)

The Complaint states that on or about December 20, 2023, Boor "suffered a serious and life-threatening diabetic episode while at work." (*Id.* ¶ 8.) Specifically, he alleges that he experienced "confusion, speech impairment, trembling, fatigue, dizziness, memory loss, breathing difficulty, disorientation, blurred vision, and drowsiness." (*Id.* ¶ 9.) He claims that American Woodmark did not render medical aid but instead had him tested for drug use. (*Id.* ¶¶ 10–11.) That same day, American Woodmark transported Boor to a drug-testing facility. (*Id.* ¶ 11.) The test returned a positive result for THC. (*Id.* ¶ 13.) He alleges that, after the test, American Woodmark took him to his home and left him on the street in front of his home

---

[3] The Court takes judicial notice of this fact from Defendant's publicly available website.

without alerting his spouse.[4] (*Id.* ¶ 11.) American Woodmark subsequently terminated Boor's employment due to the positive result for THC. (*Id.* ¶ 14.)

## II.    Procedural History

Boor has previously sued American Woodmark in this Court. *See Boor v. Am. Woodmark Corp.*, No. RDB-24-2005, 2025 WL 948293, at *1 (D. Md. Mar. 28, 2025). That case arose out of the same diabetic incident, drug test, and termination. *Id.* On June 10, 2024, Boor filed that two-count complaint alleging breach of contract and wrongful termination in the Circuit Court for Allegany County, Maryland. *Id.* at *2. He did not bring any federal claims. On July 11, 2024, American Woodmark removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, invoking this Court's diversity jurisdiction of 28 U.S.C. § 1332. *Id.* American Woodmark moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.* This Court granted the motion to dismiss as to both counts, but did so without prejudice, recognizing that Boor needed to exhaust his administrative remedies under either the Americans with Disabilities Act or Maryland law. *Id.* at *6–7. On April 15, 2025, Boor filed a notice of voluntary dismissal. (RDB-24-2005 ECF No. 18.) The Court approved that notice by Marginal Order on April 28, 2025. (RDB-24-2005 ECF No. 19.)

Less than three months later, on June 2, 2025, Boor filed the instant four-count federal Complaint. (ECF No. 1.) As previously noted, this lawsuit stems from the same set of facts which gave rise to Boor's previous two-count state law action. In Count One, Boor claims that

---

[4] The Complaint does not allege the date on which American Woodmark notified Boor that his test returned as positive for THC. when he was terminated. Additionally, Boor's reference to alerting his spouse is not clear. He states that American Woodmark had previously notified his spouse "pursuant to the safety plan," but there is no further explanation of this assertion to give it context or import. (ECF No. 1 ¶ 11.)

his termination was disability discrimination violating the ADA, *see* (*id.* ¶¶ 26–31), while Count Two alleges that the termination was unlawful retaliation under the ADA. (*Id.* ¶¶ 32–34.) Count Three, in turn, claims that American Woodmark failed to accommodate Boor's disability. (*Id.* ¶¶ 35–37.) Of note, and as relates to Counts One, Two, and Three, Boor does not dispute the positive test result for THC usage but instead alleges that he never used marijuana on American Woodmark's premises or during work hours. (*Id.* ¶ 13.) Likewise, he states that he "had a valid medical explanation" for his marijuana use. (*Id.*) He also refers to a "subsequent[]" "safety plan" related to his diagnosed illnesses, *see* (*id.* ¶ 10 n.2) but does not explain the relevance of such safety plan to these claims nor its timing with respect to the December 20, 2023, episode and his later termination.

Count Four is a separate claim under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219. (*Id.* ¶¶ 38–42.) As relevant to this claim, Boor alleges that from as early as September 2021 to his termination in December 2023, American Woodmark failed to give him a raise corresponding with a September 2021 promotion. (*Id.* ¶ 20.) He also alleges that, from March 2023 to December 2023, American Woodmark deducted pay and hours from his paychecks "without justification or transparency," in violation of "wage laws." (*Id.* ¶ 22.) Boor claims that American Woodmark terminated him only after he "continually requested" that his wages be corrected. (*Id.* ¶ 24.) Finally, as relevant to Count Four, Boor alleges, without further factual development, that American Woodmark "retroactively acknowledged some errors in wages owed to [him]," but that he never received full compensation and was terminated without resolution. (*Id.* ¶ 25.)

On July 18, 2025, American Woodmark filed the pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7.) As relevant to Counts One, Two, and Three, which arise under the Americans with Disabilities Act, American Woodmark moves to dismiss those claims on the threshold issue of failure to allege administrative exhaustion. (ECF No. 7-1 at 2.) It also argues that Boor has failed to state a claim to relief for any of the three ADA counts. (*Id.*) With respect to Count Four, Boor's Fair Labor Standards Act claim, American Woodmark contends that the Complaint lacks any allegation that could plausibly establish a violation of that law. (*Id.*) American Woodmark moves the Court to dismiss the entire Complaint with prejudice. (*Id.*)

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. "A Rule 12(b)(6) motion tests the sufficiency of a complaint; it does not, however, 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). To survive such a motion, a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Under this plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 555). It must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678. In other words, the factual allegations in the complaint, taken as true, must "permit the court to infer more than the mere possibility of misconduct" by the defendant. *Id.* at 679.

### ANALYSIS

American Woodmark moves to dismiss Boor's entire four-count Complaint (ECF No. 1) with prejudice. (ECF No. 7.) As to Counts One, Two, and Three, which arise under the Americans with Disabilities Act, dismissal is proper because the Complaint does not allege administrative exhaustion. Even if Boor had alleged exhaustion, dismissal of these three ADA counts would still be merited as each fails to state a plausible claim. Count One, which alleges disability discrimination, fails to state a plausible claim because the Complaint does not sufficiently allege discriminatory motivation on the part of American Woodmark. Count Two alleges retaliation under the ADA and must be dismissed because the Complaint contains no facts showing that Boor engaged in any protected activity. As to Count Three, which asserts ADA failure to accommodate, dismissal is proper because the Complaint fails to allege any request for accommodation or any deprivation by American Woodmark. Finally, Count Four, a claim under the Fair Labor Standards Act, similarly fails to state a plausible claim because the Complaint does not allege any failure by American Woodmark to pay minimum wage or overtime pay.

### I.    Boor's ADA Claims (Counts One, Two, and Three)

#### a. *Administrative Exhaustion*

The Americans with Disabilities Act requires a plaintiff to exhaust his administrative remedies by filing a charge with the federal Equal Employment Opportunity Commission or a state equivalent before bringing a suit in federal court.[5] *See Sydnor v. Fairfax Cnty.*, 681 F.3d 591, 593 (4th Cir. 2012). In Maryland, a plaintiff has three hundred days from the occurrence of the alleged unlawful conduct to file a charge.[6] This exhaustion requirement is mandatory. The United States Court of Appeals for the Fourth Circuit consistently explains that "a plaintiff *must* exhaust" her remedies "before pursuing a suit in federal court." *Sydnor*, 681 F.3d at 593 (emphasis added); *see also Emrit v. Off. Depot, Inc.*, 559 F. App'x 206, 206 (4th Cir. 2014) (unpublished). Finally, it is well settled that, if timely raised, failure to exhaust the ADA's administrative remedies "warrants dismissal under Rule 12(b)(6)." *Cowgill v. First Data Techs., Inc.*, 41 F.4th 370, 378 (4th Cir. 2022) (citing *Stewart v. Iancu*, 912 F.3d 693, 702 (4th Cir 2019)).

Boor's Complaint (ECF No. 1) alleges *no* facts of any kind regarding exhaustion. He has very simply not met his pleading burden as to this necessary step. In Response (ECF No. 9), Boor contends that he need not have done so to survive a motion to dismiss, as exhaustion

---

[5] The ADA expressly adopts the administrative exhaustion provisions of Title VII of the Civil Rights Act, codified, as amended, at 42 U.S.C. §§ 2000e-5 *et seq. See* 42 U.S.C. § 12117(a) (adopting Title VII's exhaustion provisions).

[6] Under the ADA, a plaintiff has 180 days to file a charge of discrimination with the EEOC. 42 U.S.C. § 12117(a). If the state in which the alleged discrimination is claimed to have occurred in has its own law prohibiting discrimination and an agency to enforce that law, then the limitations period extends to three hundred days. *Sacks v. Bd. of Educ. of Balt. Cnty.*, No. RDB-21-968, 2021 WL 5233752, at *4 (D. Md. Nov. 9, 2021) (internal citations omitted). Maryland is such a state. *Id.*; *EEOC v. Hansa Prods., Inc.*, 844 F.2d 191, 192 n.3 (4th Cir. 1988) (citing 29 C.F.R. § 1601.74)).

is an affirmative defense not properly considered at this stage. (*Id.* at 4.) The United States Court of Appeals for the Fourth Circuit's clear statements to the contrary in *Cowgill* reject that contention. *See* 41 F.4th at 378. Failure to exhaust administrative remedies is indeed grounds for dismissal under Rule 12(b)(6). *Id.* Accordingly, because the Complaint (ECF No. 1) is devoid of any factual material representing that Boor exhausted his administrative remedies, his claims under the ADA in Counts I, II,  and III are DISMISSED WITH PREJUDICE.

### b.  *Failure to State a Claim*

Even if Boor had exhausted his administrative remedies, American Woodmark would still be entitled to dismissal of his ADA claims as each fails to state a plausible claim to relief.

### i.   ADA Disability Discrimination (Count One)

Count One alleges that American Woodmark's termination of Boor was disability discrimination violating the ADA. (ECF No. 1 ¶¶ 26–31.) "The ADA prohibits wrongful discharge as a form of disability discrimination." *Kelly v. Town of Abingdon*, 90 F.4th 158, 169 (4th Cir. 2024). To state a plausible claim of ADA disability discrimination, a plaintiff must allege that (1) he was "a qualified individual with a disability"; (2) discharged by his employer; and (3) "fulfilling his employer's legitimate expectations at the time of the discharge." *Id.* (internal quotation marks omitted) (quoting *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 150 (4th Cir. 2012)). He must also allege that (4) "the circumstances of his discharge raise a reasonable inference of unlawful discrimination." *Id.* (internal quotation marks omitted) (quoting *Reynolds*, 701 F.3d at 150).

With respect to the fourth element of the prima facie case, "[t]o raise a reasonable inference of disability discrimination in a wrongful discharge case, an employee must allege

that his disability was a 'but-for' cause of his termination." *Id.* (quoting *Gentry v. E.W. Partners Club Mgmt. Co.*, 816 F.3d 228, 235–36 (4th Cir. 2016)). That an action is merely "potentially consistent with discrimination" is insufficient to raise the necessary inference of bias. *Bing v. Bravo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). Further, if a court "would have to speculate to fill in the gaps regarding the defendant's motive, the circumstances do not warrant a reasonable inference of discrimination." *Id.* (cleaned up) (quoting *Bing*, 959 F.3d at 618).

American Woodmark does not challenge that the Complaint adequately pleads the first three elements. (ECF No. 7-1 at 7–8.) Instead, it argues that Boor has not pleaded sufficient facts to raise a reasonable inference of unlawful discrimination, the fourth element. (*Id.* at 7–8.) As previously noted, Boor does not contest the positive result for THC on his drug test of December 20, 2023. Moreover, the Complaint contains no facts which would permit the Court any basis to infer discrimination by American Woodmark predicated on Boor's disabilities. Boor must plead facts which, if true, would permit the Court to reasonably infer that American Woodmark terminated him as a form of disability discrimination. Accordingly, Count One of the Complaint fails to state a claim upon which relief may be granted.

### ii.  ADA Retaliation (Count Two)

In Count Two, Boor claims that his termination by American Woodmark was unlawful retaliation under the ADA. (ECF No. 1 ¶¶ 32–34.) "To establish a prima facie retaliation claim under the ADA, a plaintiff must prove (1) he engaged in protected conduct, (2) he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action." *Reynolds v. Am. Nat. Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012) (citing *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 350 (4th Cir. 2011)).

Here, American Woodmark specifically attacks the first element of the claim, arguing that the Complaint does not allege any protected activity. (ECF No. 7-1 at 9–10.) In Response, Boor points to two paragraphs of the Complaint, *see* (ECF No. 1 ¶¶ 10, 32), to assert that he "alleged that he disclosed his disability to his employer and attempted to explain that his on-site medical incident was connected to that disability prior to his termination." (ECF No. 9 at 6.) Paragraphs 10 and 32 of the Complaint do not corroborate this assertion. Instead, paragraph 10 pleads that American Woodmark had prior knowledge of Boor's medical conditions prior to his episode of December 20, 2023, and that it "failed to follow" a safety plan,[7] "render aid, or assist [Boor] in obtaining emergency medical attention." (ECF No. 1 ¶10.) Paragraph 32 merely concludes that Boor "engaged in protected activity by informing his employer of his diabetic condition and attempting to explain his episode." (*Id.* ¶ 32.) The Complaint's bare and conclusory allegations clearly fail to meet the plausibility standard of pleading set out by the United States Supreme Court in *Twombly* and *Iqbal. See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. As those cases make clear, a complaint need not include detailed factual allegations, *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), but it must set forth "enough factual matter (taken as true) to suggest a cognizable cause of action." *Twombly*, 550 U.S. at 556 (internal quotations omitted). Very simply, the threadbare assertions of retaliation and protected activity in the Complaint do not suffice to plead a claim.

---

[7] The Complaint does not allege any facts which make the existence, contents, or relevance of the safety plan clear.

### iii.   ADA Failure to Accommodate (Count Three)

Boor's third and final ADA claim, Count Three, alleges that American Woodmark failed to accommodate his disability. The ADA "requires employers to provide their disabled employees with reasonable accommodations that enable them to fulfill the essential duties of their positions." *Kelly*, 90 F.4th at 166 (citing 42 U.S.C. § 12112(b); *Cowgill*, 41 F.4th at 378). "Before an employer is required to accommodate a disabled employee, 'the employee must make an adequate request, thereby putting the employer on notice.'" *Id.* (quoting *Lashley v. Spartanburg Methodist Coll.*, 66 F.4th 168, 179 (4th Cir. 2023)). In *Lashley*, the Fourth Circuit held that an employer cannot be liable for failure to accommodate until the employee has provided notice of his need for accommodation. 66 F.4th at 179. To state a claim for failure to accommodate under the ADA, a plaintiff must show (1) that he was an individual with a disability within the meaning of the ADA; (2) that the employer had notice of the disability; (3) that with reasonable accommodation he could perform the essential functions of the position; and (4) that the employer refused to make such an accommodation. *Wilson v. Dollar Gen.*, 717 F.3d 337, 345 (4th Cir. 2013) (quoting *Rhoads v. Fed. Deposit Ins. Corp.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001)). American Woodmark notes that Boor's Complaint makes no allegation that he requested an accommodation. (ECF No. 7-1 at 8.)

The Complaint states that American Woodmark had a "duty to explore reasonable accommodations and adhere to [Boor]'s medical safety plan." (ECF No. 1 ¶ 35.) As noted above, that assertion neglects the fact that, before American Woodmark would have any duty to explore and impose accommodations, Boor would have needed to make a request for such accommodations. The Complaint contains no allegation that Boor made the necessary request.

Footnote 2 to paragraph 10 of the Complaint makes the confusing allegation that "a safety plan was subsequently put in place to accommodate [Boor] if he experienced a diabetic episode while working on [American Woodmark] property." (*Id.* ¶ 10 n.2.) From this wording, and without further context, the Court is unable to determine when, in relation to the episode of December 20, 2023, this safety plan was developed. Even so, Count Three clearly fails to state a plausible claim because there are no allegations which would meet the third and fourth elements. There is simply no allegation in the Complaint that Boor sought an accommodation and was then refused one.[8]

## II.    Boor's FLSA Claim (Count Four)

Count Four, a claim under the Fair Labor Standards Act, is unrelated to the diabetic episode of December 20, 2023, and later termination. (ECF No. 1 ¶¶ 38–42.) Instead, Count Four focuses on alleged failures by American Woodmark to pay Boor a raise consistent with a supposed September 2021 promotion. (*Id.* ¶¶ 38–42.) He claims that this raise should have been given according to "company practices and assurances." (*Id.* ¶¶ 18, 40.) Additionally, Count Four asserts that from March 2023 American Woodmark "improperly withheld . . . earned wages" and "made numerous unauthorized and unexplained deductions in violation of the FLSA." (*Id.* ¶¶ 39, 41.) The Fair Labor Standards Act does not create a cause of action for Boor's claim.

---

[8] Boor has made reference to *EEOC v. Federal Express Corp.*, 513 F.3d 360, 375 (4th Cir. 2008), but has cited the case incorrectly as "*EEOC v. FedEx Ground Package Sys., Inc.*, 513 F. Supp. 3d 360, 375 (D. Md. 2021)." *See* (ECF No. 9 at 5). That Fourth Circuit case does pertain to the ADA, but does not apply here, as it deals with a specific issue of damages not relevant to this Motion to Dismiss.

Congress enacted the FLSA in 1938 to protect covered hourly employees from "substandard wages and oppressive working hours." *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 147 (2012) (internal quotations and citation omitted). To that end, the Act established a federal minimum wage, set the maximum working hours per week at forty, and guaranteed hourly employees overtime pay for hours worked above forty hours per week. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945); *Trejo v. Ryman Hospitality Props., Inc.*, 795 F.3d 442, 446 (4th Cir. 2015) (quoting *Monahan v. Cnty. of Chesterfield*, 95 F.3d 1263, 1266 (4th Cir. 1996) ("The FLSA is best understood as the 'minimum wage/maximum hour law.'")). The FLSA's narrow focus corresponds with its limited cause of action. *See id.* (internal quotations and citations omitted). Section 216(b) of the Act provides covered employees with a cause of action for violations of either the minimum wage or maximum hours protections. 29 U.S.C. § 216(b).

The Act does not, however, create a private right of action for an employee to enforce *any and all* wage-related complaints. Boor's claims, as American Woodmark's Motion (ECF No. 7-1) aptly notes, are breach of contract claims and not FLSA claims.[9] The Complaint does not allege that Boor was denied a minimum wage or that he worked overtime without pay. Indeed, it does not even allege that Boor was an FLSA-covered employee during his employment with American Woodmark. In short, because Boor does not allege that American Woodmark failed to pay him a minimum wage or made him work more than forty hours per

---

[9] Boor brought a breach of contract claim in his first case against American Woodmark. *Boor*, 2025 WL 948293, at *3. This Court dismissed that claim, finding that it "dance[d] around a contractual obligation without actually alleging one." *Id.* at *4 (internal quotation and citation omitted). For the reasons stated above, the allegation fares no better as an FLSA claim.

week without overtime pay, Count Four fails as a matter of law to state a plausible claim to relief. It is therefore DISMISSED WITH PREJUDICE.

## CONCLUSION

For the reasons stated above, American Woodmark's Motion to Dismiss (ECF No. 7) is GRANTED. Boor's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

A separate Order follows.


Date: March 2, 2026                                    /s/
                                         Richard D. Bennett
                                         United States Senior District Judge

15